O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RAMIREZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>　　　　Defendant. | Case No. LA CV 15-1029 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Daniel Ramirez ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for disability benefits. Three issues are presented for decision here:

　　1.　Whether the Administrative Law Judge ("ALJ") properly rejected Plaintiff's credibility (*see* Joint Stip. at 3, 17-20, 23-24);

　　2.　Whether the ALJ properly evaluated Plaintiff's treating physician's medical opinion (*see id.* at 3-7, 11-13); and

　　3.　Whether the ALJ properly considered Plaintiff's shoulder pain in assessing his residual functional capacity ("RFC") (*see id.* at 3, 13-17).

//

1

The Court addresses Plaintiff's contentions below, and finds that reversal is not warranted.

### A. The ALJ Properly Assessed Plaintiff's Credibility

Plaintiff contends that the ALJ improperly assessed his credibility. (*See* Joint Stip. at 3, 17-20, 23-24.)

As a rule, an ALJ can reject a claimant's subjective complaints by "expressing clear and convincing reasons for doing so." *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines a claimant's complaints." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (citation and internal quotation marks omitted).

Here, the ALJ provided at least four valid reasons for rejecting Plaintiff's credibility.

First, Plaintiff failed to follow his doctor's instructions to complete physical therapy.[1] (Administrative Record ("AR") at 19); *see Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (noncompliance with a prescribed course of treatment is a relevant consideration in assessing a claimant's credibility); *Bubion v. Barnhart*, 224 F. App'x 601, 604 (9th Cir. 2007) (ALJ properly discounted claimant's credibility in part based on failure to attend physical therapy as recommended by doctor).

Second, Plaintiff admitted that Vicodin relieved his back pain. (AR at 20, 37, 55, 260); *see Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (ALJ properly rejected claimant's subjective complaints because she responded favorably to conservative treatment of therapy and medication); *Harris v. Colvin*, 2013 WL

---

[1] Plaintiff failed to show up for numerous therapy sessions, was noted as being "inconsistent" by his therapist, and was discharged for failing to return to therapy. (AR at 341, 349, 354, 452.) Notably, shortly before his discharge, Plaintiff told his physical therapist he wanted "to get back to work." (*Id.* at 343.)

3811208, at *5 (N.D. Cal. July 16, 2013) (ALJ properly discounted claimant's credibility in part based on her responsiveness to pain medication, including Vicodin).

Third, Plaintiff did heavy lifting and yard work despite his allegations of complete disability. (AR at 20, 274, 278); *see Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (inconsistency between claimant's testimony and conduct supports rejection of claimant's credibility); *Scott v. Astrue*, 2009 WL 3625390, at *11 (N.D. Cal. Oct. 29, 2009) (ALJ properly discounted claimant's credibility in part because he sought treatment for back pain resulting from doing heavy work – including yard work and heavy lifting).

Fourth, Plaintiff's allegations of severe physical symptoms contradicted the objective medical evidence. (AR at 19-20); *see Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001) (inconsistencies with objective evidence, when combined with other factors, are valid reasons for rejecting a claimant's testimony). For example: (1) doctors noted during several physical examinations that Plaintiff ambulated with a steady gait; (2) a consultative examiner noted no effusion or ligamentous instability; (3) x-rays of Plaintiff's knee showed only mild degenerative joint disease with no fracture or dislocation; (4) an MRI of Plaintiff's back showed only mild degenerative changes. (*Id*. at 57, 63, 260, 276, 309, 371-72, 425, 427.)

Thus, the ALJ properly discounted Plaintiff's credibility.

B.     The ALJ Properly Rejected the Treating Physician's Opinion

Next, Plaintiff contends that the ALJ improperly rejected the opinion of his treating physician, Dr. Clarence Woods. (*See* Joint Stip. at 3-7, 11-13.)

As a general rule, "[i]f the ALJ wishes to disregard the opinion of the treating physician, he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

//
//

Here, the ALJ properly rejected Dr. Woods's opinion that Plaintiff would miss more than three days of work a month, and is not able to work full time, for three reasons. (AR at 21, 390.)

First, the extent of the limitations in Dr. Woods's opinion had little support in the objective record, for the reasons discussed above. (AR at 21, 63); *see Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) ("[I]t was permissible for the ALJ to give [the treating physician's opinion] minimal evidentiary weight, in light of the objective medical evidence and the opinions and observations of other doctors.").

Second, Dr. Woods's opinion was not supported by treatment records. (AR at 21, 187-88); *see Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007); 20 C.F.R. §§ 404.1527(c), 416.927(c) (weight accorded to a treating physician's opinion dependent on length of the treatment relationship, frequency of visits, and nature and extent of treatment received, as well as the opinion's consistency with the record as a whole). Significantly, at the administrative hearing (1) Plaintiff testified that he thought he saw Dr. Woods only "a couple times," and (2) the medical expert testified that Dr. Woods's opinion had minimal findings and was "not based on any facts." (*Id.* at 43, 60, 63.)

Third, in light of the lack of support in the objective evidence or treatment records, the ALJ reasonably concluded that Dr. Woods's one-page opinion appeared to be based heavily on Plaintiff's subjective complaints, which were properly discounted for the reasons discussed above.[2] (AR at 21, 390); *Calkins v. Astrue*, 384 F. App'x 613, 614 (9th Cir. 2010) (doctor appeared to improperly rely to a significant extent on claimant's subjective reporting because it was unlikely opinion could be based on relatively superficial testing during limited time spent with claimant); *Andrews v.*

---

[2] Notably, the medical expert testified at the administrative hearing that Dr. Woods' opinion was "an overly sympathetic and probably inaccurate evaluation," and he questioned the "overall validity of Dr. Woods' evaluating statements." (AR at 60, 62.)

*Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) ("[A]n opinion of disability premised to a large extent upon claimant's own accounts of his symptoms and limitations may be disregarded, once those complaints have been disregarded.").

Thus, the ALJ properly rejected Dr. Woods's opinion.

C. The ALJ Properly Assessed Plaintiff's RFC

Finally, Plaintiff contends that the ALJ failed to properly consider his shoulder pain in assessing his RFC. (Joint Stip. at 3, 13-17). Specifically, Plaintiff contends that the RFC failed to account for: (1) records showing he reported shoulder pain; (2) his subjective complaints; and (3) Dr. Wood's lifting limitations. (*Id.* at 14-15; AR at 421, 423).

As a rule, when formulating a claimant's RFC, an ALJ must consider all the relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to medically determinable impairments. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). However, the ALJ "need not discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted). Rather, the ALJ must explain only why "significant probative evidence has been rejected." *Id.* at 1395 (citation omitted).

Here, first, the ALJ was not required to incorporate a shoulder limitation into the RFC because the ALJ properly found Plaintiff's impairment was not supported by the medical evidence. (AR at 18); *see Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001) (an ALJ is not required to include limitations in the RFC that are not supported by substantial evidence). In particular, even though records revealed right shoulder tendinosis and acromioclavicular joint osteoarthritis, (1) the medical expert testified that such findings were normal and without functional impact, and (2) Plaintiff exhibited a full and painless range of motion during a consultative evaluation. (*Id.* at 18, 63-64, 369, 371, 423-24.)

//

Second, the ALJ was not required to incorporate Plaintiff's subjective complaints because the ALJ properly found he was not credible, as discussed above. *Batson*, 359 F.3d at 1197 (ALJ not required to incorporate into RFC limitations based on claimant's testimony properly determined to be not credible); *see also Bagby v. Comm'r Soc. Sec.*, 606 F. App'x 888, 890 (9th Cir. 2015) ("RFC assessment must incorporate all of [claimant's] *credible* limitations" (emphasis added)).

Third, and finally, the ALJ was not required to incorporate Dr. Woods's restrictions because his opinion was properly discounted, as discussed above. *See Batson*, 359 F.3d at 1197 (ALJ is not required to incorporate evidence from treating physician opinions that were permissibly discounted).

Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

DATED: December 18, 2015

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*